IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

MARYLAND ELECTRICAL INDUSTRY          *
HEALTH FUND, by its Trustee,
William Yull                          *
9411 Philadelphia Road, Suite S
Baltimore, Maryland 21237             *

and                                   *

MARYLAND ELECTRICAL INDUSTRY          *
PENSION FUND, by its Trustee,
William Yull                          *
9411 Philadelphia Road, Suite S
Baltimore, Maryland 21237             *

and                                   *

MARYLAND ELECTRICAL INDUSTRY              Civil Action No.
SEVERANCE AND ANNUITY FUND,           *
By its Trustee, William Yull
9411 Philadelphia Road, Suite S       *
Baltimore, Maryland 21237
                                      *
and
                                      *
MARYLAND ELECTRICAL INDUSTRY
JOINT APPRENTICESHIP AND              *
TRAINING COMMITTEE,
By its Trustee, Neil Wilford          *
2701 West Patapsco Street
Baltimore, Maryland 21230             *

and                                   *

NATIONAL ELECTRICAL BENEFIT FUND      *
by its Trustee, John M. Grau
2400 Research Boulevard, Suite 500    *
Rockville, Maryland 20850-3266
                                      *
and
                                      *

NATIONAL LABOR MANAGEMENT                    *
COOPERATION COMMITTEE, by its
Local Agent for Collection,                  *
William Yull
802 Cromwell Park Drive, Suite S             *
Glen Burnie, Maryland 21061
                                             *
and
                                             *
MARYLAND ELECTRICAL INDUSTRY
LABOR MANAGEMENT COOPERATION                 *
COMMITTEE, by its  Agent for Collection,
William Yull                                 *
802 Cromwell Park Drive, Suite S
Glen Burnie, Maryland 21061                  *

and                                          *

MARYLAND CHAPTER,                            *
NATIONAL ELECTRICAL
CONTRACTORS ASSOCIATION, INC.,               *
802 Cromwell Park Drive, Suite S
Glen Burnie, Maryland 21061                  *

and                                          *

LOCAL UNION NO. 307,                         *
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO,                 *
401 Decatur Street
Cumberland, MD  21502                        *

                   Plaintiffs,               *

v.                                           *

MOUNTAIN STATE ELECTRIC, LLC                 *
23548 Knobley Road
New Creek, West Virginia 26743               *

Serve:  Brian K. Hoban, Resident Agent       *
        23548 Knobley Road
        New Creek, West Virginia 26743       *

                   Defendant.                *
*      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT

### Jurisdiction

1.      The jurisdiction of this Court is based upon section 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) as to Counts 1-5.

2.      The jurisdiction of this Court is based upon section 301(a) of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185(a) as to Counts 6-9.

### Parties

3.      Plaintiff Maryland Electrical Industry Health Fund ("Health Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Health Fund, which joint board of trustees is the plan sponsor of the Health Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4.      Plaintiff Maryland Electrical Industry Pension Fund ("Pension Fund") is an employee pension benefit plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of

section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5.    Plaintiff Maryland Electrical Industry Severance and Annuity Fund ("Severance Fund") is an employee pension benefit plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a). William Yull is a duly appointed and authorized Trustee of the Severance Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Severance Fund, which joint board of trustees is the plan sponsor of the Severance Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.    Plaintiff Maryland Electrical Industry Joint Apprenticeship and Training Committee ("Apprentice Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  Neil Wilford is a duly appointed and authorized Trustee of the Apprentice Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Apprentice Fund, which joint board of trustees is the plan sponsor of the Apprentice Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.     Plaintiff National Electrical Benefit Fund ("NEBF") is an employee pension benefit plan within the meaning of section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  John M. Grau is a duly appointed and authorized Trustee of the NEBF, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the NEBF, which joint board of trustees is the plan sponsor of the NEBF within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

8.     Plaintiff National Labor Management Cooperation Committee ("NLMCC"), is a management - labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).  William Yull is the appointed and authorized local agent for collection of the NLMCC.

9.     Plaintiff Maryland Electrical Industry Labor Management Cooperation Committee ("MEILMCC") is a management - labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).  William Yull is an appointed and authorized agent for collection of the MEILMCC.

10.     Plaintiff Maryland Chapter, National Electrical Contractors Association, Inc. ("NECA"), is an employer association incorporated under the laws of the State of Maryland.

11.     Plaintiff Local Union No. 307, International Brotherhood of Electrical Workers, AFL-CIO ("Local 307") is an unincorporated labor organization that represents employees in the

State of Maryland.  Local 307 is a labor organization, as defined in section 2(5) of the LMRA, 29 U.S.C. § 152(5), that represents employees in an industry affecting commerce within the meaning of sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a).  Further, Local 307 is an employee organization, as defined in section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry or activity affecting commerce as defined in section 3(12) of ERISA, 29 U.S.C. § 1002(12).

12.    Defendant Mountain State Electric, LLC ("Mountain State") was established as a corporation under the laws of the State of West Virginia in 2007.  Mountain State employs persons in the State of Maryland, in the electrical trade.  Defendant Mountain State is an employer, as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, Defendant Mountain State is an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## Collective Bargaining Agreement

13.    At all times relevant to this action, Mountain State was signatory and subject to a collective bargaining agreement with Local 307.

14.    The collective bargaining agreement with Local 307 provides for the rates of pay, wages, hours of employment and other conditions of employment for employees of Mountain State covered by said agreement.  The Local 307 collective bargaining agreement specifically provides for the payment by Mountain State to the Health Fund, Pension Fund, Severance Fund, NLMCC and MEILMCC of specified sums for each hour worked by each of the employees of Mountain State covered by said agreement.  The collective bargaining agreement also provides

6

for payment by Mountain State to the Apprentice Fund, NECA and NEBF of specified percentages of gross wages earned by each of the employees of Mountain State covered by said agreement.  All payments are to be made by the 15th day of the month following the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees, and the amounts owed to each Fund.

15.    The Local 307 collective bargaining agreement further provides for certain authorized deductions to be made from the wages of the employees of Mountain State. Specifically, in accordance with the collective bargaining agreement with Local 307, union dues are to be deducted from the wages of the employees of Mountain State and are to be remitted to Local 307.   Remittances to Local 307 are to be made by the 15th day of the month following the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees and the amounts owed for such hours.

**Trust Agreements**

16.    Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires the Court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions.  In the absence of a liquidated damages provision in an agreement, section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes an award equal to the amount of interest, which is in addition to all other amounts awarded.  ERISA further provides that interest shall be determined by using

the rate specified in the agreement, or if none is so specified, at the rate prescribed in section 6621 of the Internal Revenue Code.

17.    At all times relevant to this action, the Agreements and Declarations of Trust creating and governing the Health Fund, Pension Fund and Severance Fund provide for the payment of liquidated damages in the amount of eighteen percent (18%) of the delinquent contributions.

18.    The payment of liquidated damages to the Apprentice Fund is governed by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which requires an award equal to the amount of interest.

19.    The Agreement and Declaration of Trust creating and governing the NEBF provides for the payment of liquidated damages in the amount of twenty percent (20%) of the delinquent contributions.

20.    The Agreement and Declaration of Trust creating and governing the NLMCC provides for the payment of liquidated damages in the amount of twenty dollars ($20.00) or fifteen percent (15%) of the delinquent contributions, whichever is greater.

21.    The Agreement and Declaration of Trust creating and governing the MEILMCC provides for the payment of liquidated damages in the amount of ten dollars ($10.00) or ten percent (10%) of the delinquent contributions, whichever is greater.

22.    At all times relevant to this action, the Agreements and Declarations of Trust creating and governing the Health Fund, Pension Fund and Severance Fund provide that the rate of interest shall be eighteen percent (18%) per annum.

23.    The payment of interest to the Apprentice Fund is governed by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and section 6621 of the Internal Revenue Code.

24.    The Agreements and Declarations of Trust creating and governing NECA, NEBF and NLMCC provide for interest to be calculated at the rate of ten percent (10%) per year on delinquent contributions.

25.    The Agreement and Declaration of Trust creating and governing the MEILMCC provides for interest to be calculated at the legal rate of interest in the State of Maryland on delinquent contributions.

26.    The Agreements and Declarations of Trust creating and governing the Funds provide that a contributing employer shall permit an audit of its payroll and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

27.    The Agreements and Declarations of Trust creating and governing the Funds state that in the event an employer fails to submit a remittance report showing the number of hours worked by employees during a month, the Funds are permitted to estimate the amount of the contributions due by calculating the average of the monthly contributions paid by the employer for the last three months for which such contributions were paid.

<u>**Count One**</u>
<u>**Claim of Health Fund Against Mountain State**</u>

28.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-27.

29.    Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the Health Fund for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December,

2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

30.     Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to the Health Fund delinquent employee fringe benefit contributions in the amount of $14,489.21 for hours worked by employees of Mountain State for January, February and March, 2020.

31.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Health Fund for January, February and March, 2020, and owes liquidated damages in the amount of $2,608.06 on said contributions.  Mountain State failed to pay the employee fringe benefit contributions due and owing for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $21,174.78 on said contributions.

32.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Health Fund for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

33.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Health Fund for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $2,825.16 on said contributions.

34.    Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the Health Fund believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Health Fund prays:

a.    That this Court order Mountain State to make all of its payroll and business records available to Plaintiff Health Fund's auditors to determine the exact amount owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.    That judgment be entered against Mountain State in the amount of $14,489.21 for contributions due and owing for January, February and March, 2020, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.    That judgment be entered against Mountain State in the amount of $23,782.84 for liquidated damages due on the delinquent and late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, and January, February and March, 2020;

d.    That judgement be entered against Mountain State in the amount of $2,825.16 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

e.    That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of eighteen percent (18%) on such contributions;

     f.     That Plaintiff Health Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

     g.     And, further, that such other relief be granted as this Court deems just and proper.

**Count Two**
**Claim of Pension Fund Against Mountain State**

35.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36.     Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the Pension Fund for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

37.     Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to the Pension Fund delinquent employee fringe benefit contributions in the estimated amount of $6,471.15 for hours worked by employees of Mountain State for January, February and March, 2020.

38.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Pension Fund for January, February and March, 2020, and owes liquidated damages in the amount of $1,164.81 on said contributions.  Mountain State failed to pay the employee fringe benefit contributions due and owing for May, June, July, August, October, November and

12

December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $7,654.33 on said contributions.

39.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Pension Fund for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

40.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $1,029.20 on said contributions.

41.     Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the Pension Fund believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Pension Fund prays:

a.      That this Court order Mountain State to make all of its payroll and business records available to Plaintiff Pension Fund's auditors to determine the exact amount owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Mountain State in the amount of $6,471.15 for contributions due and owing for January, February and March, 2020, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

13

c.      That judgment be entered against Mountain State in the amount of $8,819.14 for liquidated damages due on the delinquent and late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, and January, February and March, 2020;

d.      That judgement be entered against Mountain State in the amount of $1,029.20 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

e.      That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of eighteen percent (18%) on such contributions;

f.      That Plaintiff Pension Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

g.      And, further, that such other relief be granted as this Court deems just and proper.

**Count Three**
**Claim of Severance Fund Against Mountain State**

42.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-41.

43.     Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the Severance Fund for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit

contributions for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

44.    Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to the Severance Fund delinquent employee fringe benefit contributions in the estimated amount of $4,825.99 for hours worked by employees of Mountain State for January, February and March, 2020.

45.    Mountain State has not paid the employee fringe benefit contributions due and owing to the Severance Fund for January, February and March, 2020, and owes liquidated damages in the amount of $868.68 on said contributions.  Mountain State failed to pay the employee fringe benefit contributions due and owing for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $6,628.24 on said contributions.

46.    Mountain State has not paid the employee fringe benefit contributions due and owing to the Severance Fund for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

47.    Mountain State has not paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $874.94 on said contributions.

48.     Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the Severance Fund believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Severance Fund prays:

a.      That this Court order Mountain State to make all of its payroll and business records available to Plaintiff Severance Fund's auditors to determine the exact amount owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Mountain State in the amount of $4,825.99 for contributions due and owing for January, February and March, 2020, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Mountain State in the amount of $7,496.92 for liquidated damages due on the delinquent and late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, and January, February and March, 2020;

d.      That judgement be entered against Mountain State in the amount of $874.94 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

e.      That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of eighteen percent (18%) on such contributions;

      f.      That Plaintiff Severance Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      g.      And, further, that such other relief be granted as this Court deems just and proper.

**Count Four**
**Claim of Apprentice Fund Against Mountain State**

49.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-48.

50.      Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the Apprentice Fund for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

51.      Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to the Apprentice Fund delinquent employee fringe benefit contributions in the estimated amount of $1,710.51 for hours worked by employees of Mountain State for January, February and March, 2020.

52.      Mountain State has not paid the employee fringe benefit contributions due and owing to the Apprentice Fund for January, February and March, 2020, and owes liquidated damages in an amount to be determined on said contributions, equal to the amount of interest awarded.

17

53.     Mountain State failed to pay the employee fringe benefit contributions due and owing to the Apprentice fund for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $53.90 on said contributions.

54.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Apprentice Fund for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

55.     Mountain State has not paid the employee fringe benefit contributions due and owing to the Apprentice Fund for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $53.90 on said contributions.

56.     Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the Apprentice Fund believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Apprentice Fund prays:

a.     That this Court order Mountain State to make all of its payroll and business records available to Plaintiff Apprentice Fund's auditors to determine the exact amounts owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Mountain State in the amount of $1,710.51 for contributions due and owing for January, February and March, 2020, together with interest on

the delinquent contributions at the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      c.      That judgment be entered against Mountain State in an amount to be determined for liquidated damages due on the delinquent contributions owed for January, February and March, 2020;

      d.      That judgement be entered against Mountain State in the amount of $53.90 for liquidated damages due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

      e.      That judgment be entered against Mountain State in the amount of $53.90 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

      f.      That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the same amount as provided by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

      g.      That Plaintiff Apprentice Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      h.      And, further, that such other relief be granted as this Court deems just and proper.

**Count Five**
**Claim of NEBF Against Mountain State**

57.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-56.

58.    Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the NEBF for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

59.    Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to the NEBF delinquent employee fringe benefit contributions in the amount of 1,710.51 for hours worked by employees of Mountain State for January, February and March, 2020.

60.    Mountain State has not paid the employee fringe benefit contributions due and owing to the NEBF for January, February and March, 2020, and owes liquidated damages in the amount of $342.10 on said contributions.  Mountain State failed to pay the employee fringe benefit contributions due and owing for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $2,697.60 on said contributions.

61.    Mountain State has not paid the employee fringe benefit contributions due and owing to the NEBF for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

20

62.     Mountain State has not paid the employee fringe benefit contributions due and owing to the NEBF for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $179.68 on said contributions.

63.     Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the NEBF believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff NEBF prays:

a.     That this Court order Mountain State to make all of its payroll and business records available to Plaintiff NEBF's auditors to determine the exact amount owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Mountain State in the amount of $1,710.51 for contributions due and owing for January, February and March, 2020, together with interest on the delinquent contributions at the rate of ten percent (10%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Mountain State in the amount of $3,039.70 for liquidated damages due on the delinquent and late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, and January, February and March, 2020;

21

d.      That judgement be entered against Mountain State in the amount of $179.68 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

e.      That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at rate of ten percent (10%) per year, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

f.      That Plaintiff NEBF be afforded post-judgment interest, reasonable attorneys' fees and its costs;

g.      And, further, that such other relief be granted as this Court deems just and proper.

**Count Six**
**Claim of NLMCC Against Mountain State**

64.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-63.

65.     Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the NLMCC for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

66.     Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to the NLMCC delinquent employee

benefit contributions in the estimated amount of $21.25 for hours worked by employees of Mountain State for January, February and March, 2020.

67.    Mountain State has not paid the employee fringe benefit contributions due and owing to the NLMCC for January, February and March, 2020, and owes liquidated damages in the amount of $60.00 on said contributions.  Mountain State failed to pay the employee fringe benefit contributions due and owing for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $360.00 on said contributions.

68.    Mountain State has not paid the employee fringe benefit contributions due and owing to the NLMCC for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

69.    Mountain State has not paid the employee fringe benefit contributions due and owing to the NLMCC for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $2.32 on said contributions.

70.    Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the NLMCC believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff NLMCC prays:

a.    That this Court order Mountain State to make all of its payroll and business records available to Plaintiff NLMCC's auditors to determine the exact amount owed for the

months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Mountain State in the amount of $21.25 for contributions due and owing for January, February and March, 2020, together with interest on the delinquent contributions at the rate of ten percent (10%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Mountain State in the amount of $420.00 for liquidated damages due on the delinquent and late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, and January, February and March, 2020;

d.      That judgement be entered against Mountain State in the amount of $2.32 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

e.      That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of ten percent (10%) per year, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty dollars ($20.00) or fifteen percent (15%) of such delinquent contributions, whichever is greater;

f.    That Plaintiff NLMCC be afforded post-judgment interest, reasonable attorneys' fees and its costs;

g.    And, further, that such other relief be granted as this Court deems just and proper.

### Count Seven
### Claim of MEILMCC Against Mountain State

71.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-70.

72.    Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to the MEILMCC for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

73.    Based on the remittance reports filed by Mountain State for the months of January, February and March, 2019, Mountain State owes to the MEILMCC delinquent employee fringe benefit contributions in the estimated amount of $191.03 for hours worked by employees of Mountain State for January, February and March, 2020.

74.    Mountain State has not paid the employee fringe benefit contributions due and owing to the MEILMCC for January, February and March, 2020, and owes liquidated damages in the amount of $30.00 on said contributions.  Mountain State failed to pay the employee fringe benefit contributions due and owing for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes liquidated damages in the amount of $180.00 on said contributions.

75.     Mountain State has not paid the employee fringe benefit contributions due and owing to the MEILMCC for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

76.     Mountain State has not paid the employee fringe benefit contributions due and owing to the MEILMCC for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $12.52 on said contributions.

77.     Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, the MEILMCC believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff MEILMCC prays:

a.      That this Court order Mountain State to make all of its payroll and business records available to Plaintiff MEILMCC's auditors to determine the exact amount owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Mountain State in the amount of $191.03 for contributions due and owing for January, February and March, 2020, together with interest at the legal rate in the State of Maryland, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Mountain State in the amount of $210.00 for liquidated damages due on the delinquent and late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April,

May, June, July, August, September, October, November and December, 2019, and January, February and March, 2020;

       d.     That judgement be entered against Mountain State in the amount of $12.52 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

       e.     That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the legal rate in the State of Maryland, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of ten dollars ($10.00) or ten percent (10%) of such delinquent contributions, whichever is greater;

       f.     That Plaintiff MEILMCC be afforded post-judgment interest, reasonable attorneys' fees and its costs;

       g.     And, further, that such other relief be granted as this Court deems just and proper.

**Count Eight**
**Claim of NECA Against Mountain State**

78.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-77.

79.     Mountain State has failed and refused to make required employee fringe benefit contributions due and owing to NECA for hours worked by employees of Mountain State for January, February and March, 2020, and failed to pay employee fringe benefit contributions for the months of May, June, July, August, October, November and December, 2018, and February,

March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

80.    Based on the remittance reports filed by Mountain State, for the months of January, February and March, 2020, Mountain State owes to NECA delinquent employee fringe benefit contributions in the estimated amount of $212.23 for January, February and March, 2020.

81.    Mountain State has not paid the employee fringe benefit contributions due and owing to NECA for January, February and March, 2020, and owes interest in an amount to be determined on said contributions.

82.    Mountain State has not paid the employee fringe benefit contributions due and owing to NECA for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $13.84 on said contributions.

83.    Based on the failure of Mountain State to pay employee fringe benefit contributions for the prior months, NECA believes that Mountain State will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff NECA prays:

a.    That this Court order Mountain State to make all of its payroll and business records available to Plaintiff NECA's auditors to determine the exact amount owed for January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.    That judgment be entered against Mountain State in the amount of $212.23 for contributions due and owing for January, February and March, 2020, together with interest on

the delinquent contributions at the rate of six percent (6%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      c.      That judgement be entered against Mountain State in the amount of $13.84 for interest due on the late-paid contributions owed for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

      d.      That judgment be entered against Mountain State in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of six percent (6%) per year;

      e.      That Plaintiff NECA be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      f.      And, further, that such other relief be granted as this Court deems just and proper.

**Count Nine**
**Claim of Local 307 Against Mountain State**

84.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-83.

85.      Mountain State has failed and refused to remit to Local 307 the union dues deducted from its employees' paychecks for January, February and March, 2020, and failed to remit to Local 307 for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner.

86.      Based on the remittance reports filed by Mountain State for the months of January, February and March, 2020, Mountain State owes to Local 307 unremitted union dues in the amount of $2,944.17 for January, February and March, 2020.

87. Mountain State has not paid the remittances due and owing to Local 307 for January, February and March, 2020, and owes interest in an amount to be determined on said remittances.

88. Mountain State has not paid the employee fringe benefit contributions due and owing to Local 307 for the months of May, June, July, August, October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019, in a timely manner, and owes interest in the amount of $169.76 on said contributions.

89. Based on the failure of Mountain State to remit dues deductions for prior months, Local 307 believes that Mountain State will continue to fail to pay remittances deductions for future months.

WHEREFORE, Plaintiff Local 307 prays:

a. That this Court order Mountain State to make all of its payroll and business records available to Plaintiff Local 307's auditors to determine the exact amount owed for the months of January, February and March, 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Mountain State in the amount of $2,944.17 for remittances due and owing for January, February and March, 2020, together with interest at the legal rate in the State of Maryland from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c. That judgement be entered against Mountain State in the amount of $169.76 for interest due on the late-paid contributions owed for the months of May, June, July, August,

October, November and December, 2018, and February, March, April, May, June, July, August, September, October, November and December, 2019;

     d.     That judgment be entered against Mountain State in the amount of all unpaid remittances that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the legal rate in the State of Maryland from the date such contributions were due to the date of judgment;

     e.     That Plaintiff Local 307 be afforded post-judgment interest, reasonable attorneys' fees and its costs;

     f.     And, further, that such other relief be granted as this Court deems just and proper.

May 1, 2020

Date

/s/ Corey Smith Bott

Corey Smith Bott
Bar No. 25673

/s/ Shauna Barnaskas

Shauna Barnaskas
Bar No. 16755
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990
Attorneys for Plaintiffs